```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                           AT NASHVILLE
```

SONYA STEPHENSON and SELVIN    )
STEPHENSON, through his        )
Mother, Sonya Stephens         )
                               )
      Plaintiff,               )
                               )
vs.                            )      Case No._____
                               )
THE KROGER CO.                 )      JURY DEMAND
                               )
      Defendant.               )

---

## COMPLAINT

---

Come now Plaintiffs, Sonya Stephenson and Selvin Stephens, through his Mother Sonya Stephenson, who sues Defendant, as follows:

1. Plaintiffs are a resident of Rutherford County, Tennessee, and has been at all times pertinent to the facts of this cause.

2. Defendant The Kroger Co. is an Ohio corporation which maintains its principle place of business at 1014 Vine Street, Cincinnati, Ohio 45202. It may be served through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville Tennessee 37203.

3. Plaintiff Sonya Stephenson worked for Defendant for over a decade. In November 2007, Plaintiff elected to resign her position with Defendant.

4. Plaintiff was presented with notice instructing her that she must enroll in COBRA coverage by January 1, 2008 in order to continue her benefits.

5. Plaintiff elected to continue the dental benefits for her son Selvin because of some up coming dental work which would have to be performed.

6. Plaintiff followed the instructions to enroll in the continued COBRA benefits.

7. The benefits enrollment process for Defendant is assessed online at yourkrogerbenefits.com.

8. On January 10, 2008, Plaintiff followed the online instructions and elected to continue her benefits for dental coverage.

9. Plaintiff received a conformation statement dated January 10, 2008 showing that she had elected coverage for dental benefits and that she could correct her elections on or before January 30, 2008.

10. After January 10, 2008, Plaintiff received a confirmation statement dated December 27, 2007 stating that no coverage had been elected.

11. Plaintiff called to verify that her enrollment on January 10, 2008 had taken care of the benefits and that the election of

- 2 -

dental coverage was still in place. Plaintiff was told that her enrollment was processed.

12. On March 10, 2008 Plaintiff contacted Defendant to inquire as to why she had not received a statement for premiums or an insurance card.

13. Plaintiff paid the premiums for January, February and March 2008 by check dated March 10, 2008 and Defendant negotiated that check.

14. Plaintiff continued to make premium payments directly to Defendant until she received a notice that her coverage had been terminated dated May 1, 2008.

15. Plaintiff contacted Defendant to discuss why her coverage had suddenly been terminated.

16. On May 28, 2008, the insurer sent Plaintiff a Notice that she had been authorized to make her premium payments by direct deposit, indicating that her coverage was in place.

17. Plaintiff's son underwent major oral surgery and dental procedures in May 2008.

18. The insurer has refused to cover this amount because Defendant failed to enroll Plaintiffs in the continuing dental coverage.

## COUNT I
### VIOLATION OF COBRA

19. Plaintiffs incorporate paragraphs 1-18 as if fully realleged herein.

20. For the past 12 months, Defendant has employed 20 or more employees on a typical business day.

21. Defendant maintained and provided a group health plan, as defined by 29 U.S.C. § 1167(1), on an insured or self-insured basis to provide medical and dental care to its employees, including Plaintiff Sonya Stephenson during her employment with Defendant.

22. Plaintiff Sonya Stephenson is a "covered employee" as defined by 29 U.S.C. § 1167(2).

23. Plaintiff Selvin Stephenson is a "qualified beneficiary" as defined by 29 U.S.C. § 1167(3)(A)(i).

24. Plaintiff Sonya Stephenson's voluntary termination was a "qualifying event" as defined by 29 U.S.C. § 1163(2).

25. Defendant failed to properly enroll Plaintiff in the continuing coverage under COBRA pursuant to 29 U.S.C. § 1166.

26. As a result, Plaintiffs were unable to receive the benefits of continuing health coverage through COBRA and was prejudiced and damaged thereby.

27. Defendant's actions and omissions constitute a violation of Plaintiffs' rights pursuant to 29 U.S.C. § 1132.

28. As a result of Defendant's actions and omissions, Plaintiffs have incurred medical bills which otherwise would have been paid if they had medical insurance.

29. As a result of Defendant's actions and omissions, Plaintiffs pray for all medical bills incurred since Plaintiff's voluntary termination from Defendant be paid; that the Court award Plaintiffs their reasonable attorney's fees, expert witness fees, and costs of litigation; that the Court award Plaintiffs other

allowable remedies for Defendant's violation of 29 U.S.C. § 1132; all other relief that this Court deems proper.

>
> Respectfully submitted,
>
> __/s Thomas H. Castelli_____
> Thomas H. Castelli, BPR #24849
> Kerry Knox, BPR #23302
> Attorney for Plaintiffs
> CASTELLI & KNOX, LLP
> 117 South Academy Street
> Murfreesboro, TN 37130
> (615) 896-1000
> (615) 896-1027 (Facsimile)
> thc@castelliknox.com